IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FASHION GROUP, LLC,
    Plaintiff,

v.

BANK OF AMERICA,
    Defendant.

Civil Action No.
1:23-cv-00899-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendant's motions to dismiss [ECF 3] and to stay [ECF 4], and Plaintiff's motion for leave to amend [ECF 8], which Defendant opposes [ECF 10]. For the following reasons, Defendant's motion to dismiss is **GRANTED** and this case is **DISMISSED without prejudice**. The remaining motions are **DENIED as moot**.

**I.   BACKGROUND**

On January 26, 2023, Plaintiff Fashion Group, LLC attempted to initiate this action in the Superior Court of Rockdale County, Georgia.[1] Plaintiff did not file a pleading, only a motion for a hearing and other relief.[2] Further, Plaintiff attempted to proceed pro se, that is, without being represented by a licensed attorney.[3] Service was attempted on a branch of Defendant Bank of America located in

---

[1]  ECF 1-1, at 6–10.

[2]  *Id.* at 10.

[3]  *Id.* at 7.

Conyers, Georgia.[4] Defendant removed on March 1, 2023, and moved to dismiss shortly thereafter.[5] Plaintiff did not respond to the motion. Six months later, counsel appeared on behalf of Plaintiff and sought to amend the complaint.[6]

## II. DISCUSSION

In its motion to dismiss, Defendant argues (among other things) that dismissal is appropriate because Plaintiff never filed a complaint or perfected service.[7] Defendant also asserts that Plaintiff cannot proceed pro se.[8] Although Plaintiff contends that the proposed amended complaint addresses the issues raised in the motion to dismiss, it does not respond to these arguments.[9]

To proceed in state or federal court, a limited liability company must be represented by counsel admitted to practice in that court. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); LR 83.1(E)(2)(b)(I), NDGa ("[A] corporation may only be represented in Court by an attorney . . . ."); *Winzer v. EHCA*

---

[4] *Id.* at 3.

[5] ECF 1; ECF 3.

[6] ECF 7; ECF 8.

[7] ECF 3-1, at 5–6.

[8] *Id.* at 6–7.

[9] ECF 8, at 1. *See generally* ECF 8.

*Dunwoody, LLC*, 277 Ga. App. 710, 713–14 (2006) (explaining that the court rejected the filing of a notice of appeal by the pro se defendant LLC). Plaintiff here was required to be represented by an attorney when it attempted to initiate suit in the first instance. While that original defect might have been amendable by the subsequent appearance of counsel, *Peachtree Plastics, Inc. v. Verhine*, 242 Ga. App. 21, 21 (2000), it cannot change the fact that Defendant was never properly served.

Under Georgia law, to properly effect service on a defendant, the summons and complaint must be served together. *Anglin v. State Farm Fire & Cas. Ins. Co.*, 348 Ga. App. 362, 364–65 (2019). In trying to initiate *this* action, Plaintiff did not file a *complaint* at all—it filed only a motion. Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); O.C.G.A. § 9-11-3(a) (same). And Plaintiff's attempt to serve the summons on Defendant was defective.

Service could have been effected by delivering the summons and complaint to (1) an officer, managing agent, or other authorized agent of Defendant or (2) Georgia's secretary of state, along with a certification that the service materials had appropriately been mailed or delivered to Defendant's registered agent. Fed. R. Civ. P. 4(e)(1), 4(h)(1); O.C.G.A. § 9-11-4(e)(1)(A). Service on an unspecified person at a branch of Defendant was not sufficient. Fed. R. Civ. P. 12(b)(5). Without proper service, the Court does not have jurisdiction over Defendant. *Harris v. Fort Pierce Police Dep't*, No. 23-10727, 2023 WL 7153928, at *1 (11th Cir. Oct. 31, 2023).

Nor has Plaintiff demonstrated good cause for the Court to extend the time to effect service beyond that permitted by the Federal Rules. Fed. R. Civ. P. 4(m) (indicating that service must be made within 90 days after the complaint is filed).

Accordingly, Defendant's motion to dismiss [ECF 3] is **GRANTED**. This action is **DISMISSED without prejudice**. Defendant's motion to stay pretrial deadlines [ECF 4] is **DENIED as moot**. Plaintiff's motion for leave to amend [ECF 8] is **DENIED as moot**.

**SO ORDERED** this 27th day of March, 2024.

_____
Steven D. Grimberg
United States District Judge